UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAISLEY PARK ENTERPRISES, INC., et al., | No. 2:18-mc-0211-MCE-KJN |
| Plaintiffs, | |
| v. | ORDER |
| GEORGE IAN BOXILL, et al., | |
| Defendants. | |

This is a miscellaneous action filed by plaintiffs Paisley Park Enterprises, Inc. and Comerica Bank & Trust, N.A. to compel compliance with a subpoena issued by the United States District Court for the District of Minnesota and served on Sidebar Legal, PC, located in Redding, California.

In short, plaintiffs claim that Sidebar and its principal, attorney Matthew Wilson, orchestrated and provided the means for infringing intellectual property owned by the Estate of Prince Rogers Nelson ("Prince"), an internationally-renowned artist. According to plaintiffs, Sidebar is one of the owners of Deliverance, LLC, the company that was formed in 2017 to market and sell Prince's music over the Prince Estate's objection. Plaintiffs later sued Sidebar and others in a lawsuit pending in the United States District Court for the District of Minnesota, which entered both a temporary restraining order and a preliminary injunction against publication

1

or dissemination of the works at issue. The docket in the Minnesota action is extensive, and also reflects the adjudication of numerous discovery matters. Sidebar ultimately failed to appear in the Minnesota action, and its default was entered.

Thereafter, plaintiffs served a subpoena on Sidebar for production of documents claimed to be relevant to the Minnesota action. Sidebar asserted objections, including numerous objections based on the attorney-client privilege. According to plaintiffs, Sidebar refused to participate in meet-and-confer efforts, thus necessitating the instant motion to compel compliance with the subpoena. Along with their motion to compel, plaintiffs suggest that the court transfer the motion to the District of Minnesota for consideration. For the reasons discussed below, the court finds transfer appropriate under the circumstances of this case.

As required by the Federal Rules of Civil Procedure, plaintiffs filed this action in the district where compliance is required. Fed. R. Civ. P. 45(d)(2)(B)(i). However, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Advisory Committee Notes for the 2013 Amendment of the Rules observe that a transfer "may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion…."

Here, the court transcripts attached to plaintiffs' motion reveal that the Minnesota district court has already resolved numerous discovery issues in the Minnesota action, including the issue of privilege which features heavily in the present motion. Importantly, the Minnesota district court recognized that the attorney-client privilege was intentionally waived with respect to at least certain subject matter apparently implicated by the instant subpoena, although the exact contours of the waiver is less clear to this court having less familiarity with the action. To prevent potentially inconsistent rulings as to matters that the Minnesota district court already decided, and to avoid potential disruption of that court's management of the litigation, the court finds transfer to be prudent in this case. Additionally, the court notes that Sidebar is not a typical local nonparty to the action, but instead a named defendant who failed to appear and defaulted in the

main action. As such, there is a lesser concern about avoiding burden than in the case of a true nonparty, and any such concern is outweighed by the benefits of transfer noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. This miscellaneous action, including the pending motion to compel, is TRANSFERRED to the United States District Court for the District of Minnesota, referencing Case No. 0:17-cv-1212-WMW-TNL.
2. The Clerk of Court shall administratively close this action in the Eastern District of California.

Dated: January 3, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3